# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                              |   |                                  |
|----------------------------------------------|---|----------------------------------|
| BRIJOHNEA JOHNSON,                           | ) |                                  |
|     Plaintiff,                               | ) |                                  |
|     v.                                       | ) | Civil Action No. 16-cv-0603 (KBJ) |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security*, | ) |                                  |
|     Defendant.                               | ) |                                  |

## MEMORANDUM OPINION ADOPTING
## REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

In May of 2011, the mother of then-minor Brijohnea Johnson applied to the Commissioner of Social Security ("Commissioner" or "Defendant") for supplemental benefits on behalf Johnson, claiming that Johnson was disabled due to a learning disability, difficulty concentrating, stress, depression, and Johnson's status as HIV positive. (AR, ECF No. 7-9, at 88.)[1] An Administrative Law Judge ("ALJ") held a hearing on Johnson's application in September of 2014, and ultimately, the ALJ determined that Johnson is not disabled under the Social Security Act. (AR, ECF No. 7-2, at 33–54.)[2] In the instant lawsuit, Johnson requests that this Court reverse the ALJ's denial decision and grant her benefits, or alternatively, Johnson seeks a remand

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

[2] In the time between when Plaintiff's mother filed the initial application and when the ALJ issued her decision, Johnson celebrated her eighteenth birthday. (AR, ECF No. 7-2, at 33.) Therefore, Johnson is the plaintiff in the instant action, and she seeks an award of both child and adult benefits.

of this case to the Commissioner for a new hearing regarding benefits. (*See generally* Compl., ECF No. 1.)

On June 8, 2016, this Court referred this matter to a Magistrate Judge for full case management. (*See* Min. Order of June 8, 2016.) On July 14, 2016, Johnson filed a motion seeking reversal of the ALJ's decision denying her application on the grounds that the ALJ had mistakenly assessed her residual functional capacity ("RFC") and had erroneously determined that her impairment was not functionally equivalent to a listed impairment. (Mem. in Supp. of Pl.'s Mot. for J. of Reversal, ECF No. 10-1, at 4–12.) On August 29, 2016, the Commissioner filed a motion seeking affirmance of the ALJ's decision; the agency's motion maintains that the record contains substantial evidence to support both the ALJ's assessment of Johnson's residual functional capacity and the ALJ's determination that Johnson's limitations "in the domains of acquiring and using information and attending and completing tasks" were not sufficient to qualify for benefits. (Def.'s Mem. in Supp. of Her Mot. for J. of Affirmance & in Opp'n to Mot. for J. of Reversal, ECF No. 11, at 10–12.)

Before this Court at present is the comprehensive Report and Recommendation that the assigned Magistrate Judge (Deborah A. Robinson) has filed regarding Johnson's motion for reversal and Defendant's motion for affirmance. (*See* R. & R., ECF No. 16.)[3] The Report and Recommendation reflects Magistrate Judge Robinson's opinion that Johnson's motion for reversal should be granted in part, and that Defendant's motion for affirmance should be denied. (*See id.* at 1, 13.) Specifically, Magistrate Judge Robinson finds that the ALJ's decision regarding Johnson's RFC did

---

[3] The Report and Recommendation, which is 13 pages long, is attached hereto as Appendix A.

not comport with a governing regulation that provides that the ALJ's RFC determination "'must contain a narrative discussion identifying the evidence that supports each conclusion' and 'explain how [she] considered and resolved any material inconsistencies or ambiguities evidence in the record[.]'" (R. & R. at 9 (quoting *Butler v. Barnhart*, 353 F.3d 992, 1000 (D.C. Cir. 2004) (alterations in original)).) Magistrate Judge Robinson further finds that the ALJ failed to explain adequately whether, and to what extent, the ALJ credited the opinion that Plaintiff's former special education instructor proffered regarding Johnson's functional limitations. (*Id.* at 10–13.)

The Report and Recommendation also specifically advises the parties that either party may file written objections to the Report and Recommendation, which must include the portions of the findings and recommendations to which each objection is made and the basis for each such objection. (*Id.* at 13.) The Report and Recommendation further advises that the failure to file timely objections may result in waiver of further review of the matters addressed in the Report and Recommendation. (*Id.*) Under this Court's local rules, any party who objects to a Report and Recommendation must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the Report and Recommendation, LCvR 72.3(b), and as of the date of the instant Opinion—more than three months and a half months after the Report and Recommendation was issued—no objections have been filed.

This Court has reviewed Magistrate Judge Robinson's Report and Recommendation and agrees with its careful and thorough analysis and conclusions. In particular, the Court agrees with the Magistrate Judge that the ALJ failed to explain sufficiently the reasons underlying her determination regarding Johnson's RFC, in

violation of SSR 96-8p (*see* R. & R. at 8–10), and that the ALJ's statements regarding the weight that she afforded to the opinion of Johnson's former teacher on the question of Johnson's functional limitations are deficient and, in fact, self-contradictory (*id.* at 10–13).  As a result, this Court concurs with Magistrate Judge Robinson's conclusion that "the ALJ's determinations were not made in accordance with the applicable law[,]" and that remand to the agency for further proceedings is warranted.  (*Id.* at 13.)

In sum, in the absence of any timely-filed objections, and after conducting its own review of this matter, this Court accepts Magistrate Judge Robinson's analysis of the ALJ's findings and the record evidence in full, and will **ADOPT** the Report and Recommendation in its entirety.  Accordingly, Plaintiff's [10] Motion for Judgment of Reversal will be **GRANTED IN PART**, that Defendant's [11] Motion for Judgment Affirmance will be **DENIED**, and this matter well be **REMANDED** to the Social Security Administration for further administrative proceedings consistent with the Report and Recommendation.

A separate Order accompanies this Memorandum Opinion.

DATE:  July 3, 2017

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

BRIJOHNEA JOHNSON,

       Plaintiff,

  v.

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

       Defendant.

Civil Action No. 16-603
KBJ/DAR

## **REPORT AND RECOMMENDATION**

Plaintiff Brijohnea Johnson seeks judicial review of an unfavorable decision by the Acting Commissioner of the Social Security Administration ("SSA") denying her claims for supplemental security income benefits pursuant to 42 U.S.C. § 405(g). *See* Complaint (ECF No. 1). This case was referred to the undersigned for full case management. 06/08/2016 Docket Entry.

Currently pending for consideration are Plaintiff's Motion for Judgment of Reversal (ECF No. 10), and Defendant's Motion for Judgment of Affirmance (ECF No. 11). Upon consideration of the motions, the memoranda in support thereof and in opposition thereto, and the entire record herein, the undersigned will recommend that the court deny Defendant's motion and grant Plaintiff's motion in part.

**BACKGROUND**

On May 18, 2011, Plaintiff's mother protectively filed a Title XVI application for supplemental security income on behalf of Plaintiff, who was at that time a minor. Administrative

---

[1] Acting Commissioner of Social Security Nancy A. Berryhill is automatically substituted for Carolyn W. Colvin pursuant to Federal Rule of Civil Procedure 25(d).

Record ("AR") (ECF No. 7) at 220–23, 270, 273. Plaintiff reached eighteen years of age after the initial application was filed, but before the Administrative Law Judge issued her decision. *See id.* at 32. Accordingly, Plaintiff seeks both an award of child benefits and an award of adult benefits for the corresponding time periods. *See* Memorandum in Support of Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Mem.") (ECF No. 10-1) at 4–12. On her disability report, Plaintiff's mother identified several disabling conditions for her child: a learning disability, difficulty concentrating, stress, depression, and Plaintiff's status as HIV positive. *See id.* at 273. Plaintiff's mother provided a disability onset date of December 4, 2009. *Id.* Plaintiff's application was initially denied by the SSA, and was denied again upon reconsideration. *See id.* at 124, 130.

Plaintiff filed a written request for a hearing, *see id.* at 134–35, and appeared before an Administrative Law Judge ("ALJ") on September 11, 2014, *see id.* at 62. The ALJ denied Plaintiff's request for benefits on November 28, 2014. *See id.* at 27.[2] In her decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. *Id.* at 38. Additionally, the ALJ recognized that Plaintiff had the following severe impairments: "mood disorder due to medical condition; learning disorder; and depression[.]" *Id.* The ALJ also found that before reaching the age of eighteen, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, Part A or B[.]" *Id.* at 39. Finally, the ALJ found that before reaching the age of eighteen, Plaintiff did not have an impairment or combination of impairments that "functionally equaled the listings[.]" *Id.* at 40.

With regard to the Plaintiff's adult claims, the ALJ found that Plaintiff continued to experience severe impairments, but that those impairments did not "meet[] or medically equal[] a

---

[2] The ALJ's decision refers to the Plaintiff as "the claimant."

listed impairment[.]" *Id.* at 49. Lastly, the ALJ found that, as an adult, Plaintiff has the residual functional capacity ("RFC") to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: The claimant's work is limited to simple as defined in the Dictionary of Occupational Titles as SVP levels 1 and 2. The claimant is limited to routine and repetitive tasks. She is limited to occasional decision-making and judgment. The claimant is limited to only occasional changes in the work setting. She is precluded from production rate or pace work. The claimant is limited to tasks, which are learned and performed by rote with few variables and little judgment involved, and where supervision is simple, direct and concrete.

*Id.* at 51.

Based on this determination, the ALJ found that Plaintiff "has not been under a disability, as defined in the Social Security Act[.]" *Id.* at 53. Plaintiff sought review of the ALJ's decision from the SSA, *id.* at 26, which the SSA denied on January 13, 2016, thereby rendering the ALJ's decision "the final decision of the Commissioner[.]" *Id.* at 1. Plaintiff then commenced the instant action.

**STATUTORY FRAMEWORK**

The Social Security Act established a framework for the provision of supplemental income benefits to eligible, disabled individuals. 42 U.S.C. §§ 1381, 1381a.

*Determining the Disability of Minor Claimants*

With respect to the eligibility of minors, the statute provides, in pertinent part:

> (i) An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

> (ii) Notwithstanding clause (i), no individual under the age of 18 who engages in substantial gainful activity . . . may be considered to be disabled.

42 U.S.C. § 1382c(a)(3)(C).

The SSA has promulgated regulations for the determination of disability for minors. *See* 20 C.F.R. § 416.924.[3] First, the SSA evaluates whether the child is "doing substantial gainful activity"; if so, the child is not disabled. 20 C.F.R. § 416.924(a), (b). If not, the SSA determines whether the child has a medically determinable "physical or mental impairment," or combination of impairments, that is "severe." 20 C.F.R. § 416.924(a), (c). If deemed severe, the SSA then determines whether the impairment, or combination of impairments, "meets, medically equals, or functionally equals the listings." 20 C.F.R. § 416.924(a), (d). The "listings" refers to a "listing of impairments," found at 20 C.F.R. Part 404, Subpart P, Appendix 1, which, for children, "describes impairments that cause marked and severe functional limitations." 20 C.F.R. § 416.925(a).

When determining whether an impairment, or combination of impairments, functionally equals the listings, the SSA considers six domains, or "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). These include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.* A child's impairment, or combination of impairments, "functionally equal[s] the listings" if it "result[s] in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a). In making this determination, the SSA considers "functional limitations resulting from all of [the child's] impairments, including their interactive and cumulative effects." 20 C.F.R. § 416.926a(e)(1)(i).

---

[3] The regulations provide that benefit payments are to be used for the "current maintenance" of the disabled child, which includes the costs associated with "obtaining food, shelter, clothing, medical care and personal comfort items." 20 C.F.R. § 416.640(a).

If the SSA concludes that the child's impairment, or combination of impairments, meets, medically equals, or functionally equals the listings, and "it meets the duration requirement," the SSA determines that the child is disabled. 20 C.F.R. § 416.924(a).

*Determining the Disability of Adult Claimants*

The SSA has also promulgated regulations outlining the five-step process for the determination of the disability of adult claimants. *See* 20 C.F.R. §§ 404.1520, 416.920. First, the agency evaluates whether the claimant is "doing substantial gainful activity." If so, the SSA concludes that the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i).

Next, if the claimant is not engaging in substantial gainful activity, the SSA determines whether the claimant has a "*severe* medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is *severe* and meets the duration requirement . . . ." 20 C.F.R. §§ 404.1520(a)(4)(ii) (emphasis added).

Third, if the claimant has an impairment that is deemed severe, the next determination is whether said impairment "meets or equals" one of the listings in 20 C.F.R. § 404.1525(a). 20 C.F.R. §§ 404.1520(a)(4)(iii). The "listings" refer to a "listing of impairments" which "describes for each of the major body systems impairments that [SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a).

Fourth, if the claimant's impairment does not satisfy one of the listings, the SSA assesses the claimant's RFC to determine whether the claimant is still capable of performing "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is able to perform past work, the claimant is not disabled. *Id.* A claimant's RFC is "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545.

Finally, if the claimant is unable to perform his or her "past relevant work," the SSA evaluates the claimant's RFC along with his or her "age, education, and work experience to see if [he or she] can make adjustment to *other* work." 20 C.F.R. §§ 404.1520(a)(4)(v) (emphasis added). If the claimant cannot make such an adjustment, the SSA finds that the individual is "disabled." 20 C.F.R. §§ 404.1520(g)(1).

**APPLICABLE STANDARD OF REVIEW**

A plaintiff may seek judicial review in this court of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). The decision made by the Commissioner will not be disturbed "if it is based on substantial evidence in the record and correctly applies the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citations omitted). In other words, a "district court's review of the [SSA's] findings of fact is limited to whether those findings are supported by substantial evidence." *Broyles v. Astrue*, 910 F. Supp. 2d 55, 60 (D.D.C. 2012) (citations omitted). Substantial evidence is defined as relevant evidence such that "a reasonable mind might accept as adequate to support a conclusion." *Butler*, 353 F.3d at 999 (internal quotation marks omitted) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). A finding of substantial evidence requires "more than a scintilla, but can be satisfied by something less than a preponderance of evidence." *Id.* (citation omitted) (internal quotation marks omitted).

This Circuit has held that "[s]ubstantial-evidence review is highly deferential to the agency fact-finder," *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008), and that "a reviewing judge must uphold the ALJ's legal 'determination if it . . . is not tainted by an error of law.'" *Jeffries v. Astrue*, 723 F. Supp. 2d 185, 189 (D.D.C. 2010) (quoting *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987)). The reviewing court "examines whether the ALJ has analyzed

all evidence and has sufficiently explained the weight he had given to obviously probative exhibits," *Nicholson v. Soc. Sec. Admin.*, 895 F. Supp. 2d 101, 103 (D.D.C. 2012) (citation omitted) (internal quotation marks and alteration omitted), but should not "review the case '*de novo*' or reweigh the evidence," *Guthrie v. Astrue*, 604 F. Supp. 2d 104, 112 (D.D.C. 2009) (citation omitted). It is the plaintiff who bears the "burden of demonstrating that the Commissioner's decision [was] not based on substantial evidence or that incorrect legal standards were applied." *Muldrow v. Astrue*, No. 11-1385, 2012 WL 2877697, at *6 (D.D.C. July 11, 2012) (citation omitted).

**DISCUSSION**

Plaintiff moves for reversal of the Commissioner's decision on the grounds that the ALJ's decision was not supported by substantial evidence, and was erroneous as a matter of law. Plaintiff's Mem. at 1. Alternatively, Plaintiff moves to remand this matter to the SSA for a new administrative hearing. *Id.* Specifically, Plaintiff claims that (1) the ALJ erred in assessing Plaintiff's RFC by failing to provide a function-by-function assessment of Plaintiff's ability to work, and (2) the ALJ erred in finding that Plaintiff's impairments do not functionally equal a listed impairment. *Id.* at 4–12.

For the reasons outlined below, the undersigned finds that the ALJ's determination of Plaintiff's RFC, and the ALJ's evaluation of Plaintiff's functional limitations, were not made in accordance with the applicable law. Accordingly the undersigned will recommend that the court deny Defendant's motion, grant Plaintiff's motion in part, and remand this matter to the SSA for further administrative proceedings.

## *The ALJ's Evaluation of Plaintiff's RFC Was Not Made in Accordance with the Applicable Law*

Plaintiff's first argument is that the ALJ erred when she "failed to provide any explanation to support" Plaintiff's RFC, and "failed to set forth a narrative discussion" including "how the evidence supported each conclusion[.]" Plaintiff's Mem. at 6. There is an apparent lack of consensus within this Court regarding the requirement that the ALJ articulate the "function-by-function" analysis required by Social Security Ruling 96-8p, 1996 WL 374184 (July 2, 1996). *Compare Johnson v. Astrue*, No. 11-788, 2012 WL 3292416 (D.D.C. Aug. 12, 2012) (holding that ALJ decision does not require written assessment of all functions) *and Banks v. Astrue*, 537 F. Supp. 2d 75 (D.D.C. 2008) (holding that a written function-by-function analysis is not required) *with Lane-Rauth v. Barnhart*, 437 F. Supp. 2d 63 (D.D.C. 2006) (remanding case where ALJ did not discuss in detail each individual function). In perhaps the most detailed discussion of this issue, this Court held that in lieu of a "written articulation of all seven strength demands," an ALJ's decision will be deemed sufficient so long as it "provided a thorough narrative discussion of [the plaintiff's] limitations," and built a "logical bridge" from the evidence in the record to the conclusions reached by the ALJ. *See Banks*, 537 F. Supp. 2d at 85.

Defendant argues that the ALJ "comprehensively discussed Plaintiff's treatment regimen and diagnostic findings, as well as Plaintiff's subjective complaints." Defendant's Memorandum in Support of Her Motion for Judgment of Affirmance and in Opposition to Plaintiff's Motion for Judgment of Reversal ("Defendant's Mem.") (ECF No. 12) at 8. Additionally, Defendant claims that Plaintiff is "arguing that the ALJ's evaluation of the evidence is incorrect simply because she does not agree with her findings." *Id.*

In reply, Plaintiff contends that the ALJ's determination of Plaintiff's RFC "contains no explanation to support the limitations expressed within the [RFC] assessment[.]" Plaintiff's

Opposition to Defendant's Motion for Judgment of Affirmance and Reply to Defendant's Opposition to Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Reply") (ECF No. 13) at 2. Defendant avers that the ALJ "comprehensively discussed Plaintiff's treatment regimen and diagnostic findings, as well as Plaintiff's subjective complaints" and that "substantial evidence supports the ALJ's decision." Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Judgment of Affirmance ("Defendant's Reply") (ECF No 15) at 1–2.

While an ALJ's decision must be supported by substantial evidence in the record, that is not the extent of the court's inquiry; additionally, the ALJ must also apply the "relevant legal standards." *See, e.g.*, *Butler*, 353 F.3d at 999; *Dowell v. Colvin*, No. 15-cv-1542, 2017 WL 107997, at *4 (D.D.C. Jan. 11, 2017); *Muldrow*, 2012 WL 2877697, at *6. One such legal standard is that the ALJ's determination of a plaintiff's RFC "must contain a narrative discussion identifying the evidence that supports each conclusion" and "explain how [she] considered and resolved any material inconsistencies or ambiguities evidence in the record[.]" *Butler*, 353 F.3d at 1000 (citations and internal quotation marks omitted). Upon review of the ALJ's decision, the undersigned finds that the ALJ did not meet this standard.

Defendant argues that the restrictions incorporated into Plaintiff's RFC "amply accounted for Plaintiff's work-related limitations that were supported by the record." Defendant's Mem. at 9. Nowhere, however, does Defendant identify any explanation for why the ALJ incorporated said limitations into Plaintiff's RFC, nor the record evidence that led to their inclusion. *See id.* at 8–9; Defendant's Reply at 1–2. In support of her finding regarding Plaintiff's RFC, the ALJ found:

> [T]he claimant testified that she graduated from high school in June 2014. She is an adult and she is enrolled in college, taking remedial courses. The claimant testified that she takes pride in her appearance. She also testified that she has no difficulty bathing or showering. The claimant testified that she goes shopping with her best friend. Furthermore, she testified that she feels "okay" and that she has no problems with her physical health.

AR at 51. This one paragraph contains virtually no explanation for any of the limitations expressed in Plaintiff's RFC. The ALJ does not provide any rationale for why Plaintiff "is limited to simple" work, "routine and repetitive tasks," only "occasional decision-making and judgment," "only occasional changed in the work setting," and no "production rate or pace work." *Id.* While "the court need not remand in search of a perfectly drafted opinion," the undersigned finds that here, the ALJ did not comply with the narrative discussion requirement outlined in SSR 96-8p, and that remand therefore is appropriate. *See Cobb v. Astrue*, 770 F. Supp. 2d 165, 174 (D.D.C. 2011) (quoting *Lane-Rauth*, 437 F. Supp. 2d at 68) (remanding when the ALJ's decision did not follow the analytical framework of SSR 96-8p).

### *The ALJ's Evaluation of Plaintiff's Functional Limitations Was Not Made in Accordance with the Applicable Law*

Plaintiff's second argument is that the ALJ erred in finding that Plaintiff's impairments did not "functionally equal" a listed impairment. Plaintiff's Mem. at 8. In order to "functionally equal" a listing the child must have a "marked" limitation in at least two domains of functioning, or an "extreme" limitation in one domain of functioning. *See* SSR 09-1p, 2009 WL 396031, at *1 (Feb. 17, 2009). Plaintiff contends that the ALJ's finding that she did not have at least a marked limitation in the domains of Acquiring and Using Information, and Attending and Completing Tasks, is not supported by substantial evidence. *See* Plaintiff's Mem. at 8–12.

The ALJ found that prior to turning eighteen, Plaintiff had a "less than marked limitation" in the domain of Acquiring and Using Information, and a "less than marked limitation" in the domain of Attending and Completing Tasks. AR at 44, 45. Plaintiff claims that in making these determinations, the ALJ erroneously relied on outdated IQ testing, and did not explain how she weighed the opinion evidence offered through Plaintiff's special education teacher, Brenda Richardson. *See id.* at 9–11.

Plaintiff first argues that the IQ testing done by psychologist Dr. Tina Nguyen was performed "58 months prior to the [ALJ's] decision" and that the result of that testing therefore was "no longer valid" pursuant to 20 C.F.R. Part 404. *Id.* at 9–10; Plaintiff's Reply at 3. Defendant argues that there was additional testing performed more recently, in December 2014, which placed Plaintiff in "the low-average to borderline range of intellectual functioning." *See* Defendant's Mem. at 9–10; Defendant's Reply at 2.

This Court has long held that when "the government attempts to explain the ALJ's reasoning, . . . the Court may only consider the grounds proffered by the agency in its decision for *post hoc* rationalizations do not suffice." *Espinosa v. Colvin*, 953 F. Supp. 2d 25, 32–33 (D.D.C. 2013) (citing *Clark v. Astrue*, 826 F. Supp. 2d 13 (D.D.C. 2011)); *see also Settles v. Colvin*, 121 F. Supp. 3d 163, 169–70 (D.D.C. 2015). The December 2014 testing results were not included in the ALJ's decision—nor could they have been, as they post-date the ALJ's November 28, 2014 decision. Accordingly, the undersigned does not accept this *post hoc* rationalization as support for the ALJ's determination of Plaintiff's limitations. Since Defendant does not dispute Plaintiff's contention that the IQ testing done by Dr. Nguyen was no longer current as of the date of the ALJ's decision, the undersigned finds that the ALJ's reliance on this testing—to the extent that she did rely on it—was not proper. *Cf. Conway ex rel. Tolen v. Astrue*, 554 F. Supp. 2d 26, 36 (D.D.C. 2008) (finding that an ALJ's refusal to credit outdated IQ testing was proper).

Plaintiff also contends that the ALJ's determination was improper because while the ALJ stated that she afforded Ms. Richardson's opinion 'great weight' in the domains of Acquiring and Using Information and Attending and Completing Tasks, "[the ALJ] failed to explain how a 'very serious problem' in all areas evaluated did not equate to a marked impairment" in those two

domains of functioning. *See* Plaintiff's Mem. at 11, 12 (citing AR at 43).[4] Defendant does not directly address this contention, but instead, argues that "two agency physicians and two state agency psychologists reviewing Plaintiff's claim for benefits all opined that Plaintiff had a less than marked limitation in the [two] domains[.]" Defendant's Mem. at 10; Defendant's Reply at 2.

As discussed above, the ALJ's decision does not simply need to be supported by substantial evidence in the record; it must also comply with the applicable law and regulations. One such regulation is SSR 06-03p, which states that:

> [A]n adjudicator generally should explain the weight given to opinions from these "[non-medical] sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006). While the ALJ did state that she was affording Ms. Richardson's opinion "great weight" in the domains of Acquiring and Using Information and Attending and Completing Tasks, it is not apparent from the entirety of the ALJ's decision that she actually did so. Ms. Richardson opined that Plaintiff has a very serious problem in every activity in the domain of Acquiring and Using Information, and a serious or very serious problem in eight activities in the domain of Attending and Completing Tasks. AR at 258, 259. It is unclear how the ALJ could afford these opinions "great weight" and yet not find that Plaintiff had a marked limitation in either of these two domains without further explanation. The ALJ noted that the explanation for her finding is "detailed in the domain evaluations below," *id.* at 43, and yet the domain evaluation sections do not mention Ms. Richardson's opinions at all, *id.* at 44, 45.

---

[4] The undersigned observes that the ALJ afforded both Ms. Richardson's opinion, and the opinion of Plaintiff's tenth grade teacher, Tara Miller, "great weight" only with regard to the two domains of Acquiring and Using Information and Attending and Completing Tasks. *See* AR at 43. The ALJ appears to afford the opinions of Ms. Richardson and Ms. Miller only "limited weight" in the domains of Interacting and Relating with Others, Moving About and Manipulating Objects, and Caring for Herself. *Id.* The distinction between the levels of weight the ALJ afforded to different portions of Plaintiff's teachers' opinions is also not explained.

While the ALJ cited some evidence in the record to support her finding that Plaintiff has a "less than marked limitation" in the two domains of functioning, the ALJ did not properly explain the weight given to the non-medical sources. It appears that the ALJ discredited the opinions of Ms. Richardson, and yet the ALJ indicated that she "assign[ed] [them] great weight." Without a more thorough explanation of whether, and to what extent, the ALJ actually credited the opinion of Plaintiff's special education teacher, the undersigned is not able to "follow the adjudicator's reasoning" in this matter. *See* SSR 06-03p, 2006 WL 2329939, at *6.

**CONCLUSION**

For the foregoing reasons, the undersigned concludes that the ALJ's determinations were not made in accordance with the applicable law.

It is therefore, this 16th day of March, 2017,

**RECOMMENDED** that Plaintiff's Motion for Judgment of Reversal (ECF No. 10) be **GRANTED IN PART**, and that this matter be remanded to the Social Security Administration for further administrative proceedings consistent with this Report and Recommendation; and it is

**FURTHER RECOMMENDED** that Defendant's Motion for Judgment of Affirmance (ECF No. 11) be **DENIED**.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

**Within fourteen days, either party may file written objections to this report and recommendation. The objections shall specifically identify the portions of the findings and recommendations to which objection is made and the basis of each such objection. In the absence of timely objections, further review of issues addressed herein may be deemed waived.**